IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENYON G. REYNOLDS #64861-097, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 15-cv-00262-NJR |
| FEDERAL BUREAU OF PRISONS, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Kenyon Reynolds brings this action against the Federal Bureau of Prisons pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. According to his complaint, Plaintiff was viciously attacked and beaten by another inmate at the United States Penitentiary in Marion, Illinois (USP-Marion), on September 4, 2013 (Doc. 1, p. 2). No guards were present at the time. Plaintiff claims that he was targeted because he is a convicted sex offender and that the assault should be considered a "hate crime." He now sues the Federal Bureau of Prisons for failing to protect him from the assault and for failing to provide him with adequate medical care following the assault. He seeks monetary damages and immediate release from prison, among other things.

Plaintiff commenced this action on March 9, 2015 (Doc. 1). The same day, he filed a motion to stay all proceedings (Doc. 2), pending his transfer from USP-Marion in April. The Court granted Plaintiff's request and stayed this matter for sixty days (i.e., until May 11, 2015) (Doc. 5). When his transfer was delayed, Plaintiff filed a motion seeking an extension of the stay (Doc. 6). The Court granted a thirty-day extension (i.e., until June 10, 2015), but indicated that

no further requests to stay proceedings would be granted prior to the Court's threshold review of the complaint (Doc. 7).  The stay is hereby lifted, and the complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A.

## Merits Review Under 28 U.S.C. § 1915A

Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  The complaint does not survive preliminary review under this standard.

## The Complaint

Plaintiff alleges that he was viciously attacked by another inmate at USP-Marion on September 4, 2013 (Doc. 1, p. 2).  At the time, Plaintiff was taking a break from his job in the prison cafeteria.  He sat down to study the Bible.  Shortly thereafter, Inmate Delaney "sucker punched" Plaintiff.  The blow caused Plaintiff to fall to the floor, hit his head, and lose consciousness.  Inmate Delaney "repeatedly kicked" and "severely beat" Plaintiff in the head.  Witnesses begged Inmate Delaney to stop beating Plaintiff, but he ignored their pleas (Doc. 1, p. 2).  Plaintiff lay bleeding from his eyes, ears, and head.

Plaintiff blames the attack on the negligence and deliberate indifference of numerous prison officials (Doc. 1, pp. 5-6).  He claims that these officials failed to supervise the area where he was attacked.  No guards were physically present.  Control officers failed to observe video monitors, and this delayed their response.

By the time prison officials arrived in the cafeteria, they found Plaintiff in serious condition. He was airlifted to Barnes-Jewish Hospital in St. Louis, Missouri, where he was treated in the intensive care unit. He was diagnosed with injuries that include, but are not limited to, a subarachnoid hemorrhage, multiple facial fractures, difficulty hearing, severe pain, and headaches (Doc. 1, p. 5). Plaintiff's left jawbone was surgically reconstructed using a metal plate. He now suffers from permanent injuries that include frequent headaches, extreme vertigo, and mental anguish (Doc. 1, p. 6).

Plaintiff asks the Court to treat his attack as a hate crime. According to the complaint, prison officials at USP-Marion have created a divisive atmosphere between sex offenders and their "haters." At least one prison official has been fired for making derogatory comments about "Cho Mos," a term used to refer to child molesters. During Plaintiff's attack, numerous witnesses overheard prison officials say, "Too bad we didn't wait longer as the 'Cho Mo' would have died" (Doc. 1, p. 4). His attacker, Inmate Delaney, was also overheard stating that he would "go all out" if he ever assaulted a sex offender because it would likely be considered a hate crime that would result in an increased prison sentence.

Plaintiff sues the Bureau of Prisons under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-80. He maintains that USP-Marion officials were negligent and deliberately indifferent when they failed to protect him from the assault and failed to secure adequate medical care for him. He seeks monetary damages, a compassionate release from prison, and a medical benefits and injury pension (Doc. 1, p. 6).

The *pro se* complaint asserts a single claim, as follows:

> **Count 1:** Defendant, by and through the negligence or deliberate indifference of USP-Marion officials, is liable under the Federal Tort Claims Act for Plaintiff's assault on September 4, 2013, and his resulting injuries.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation does not constitute an opinion as to the merits.

As discussed in detail below, the complaint fails to state a claim upon which relief may be granted. Therefore, Count 1 shall be dismissed. But the dismissal shall be without prejudice, and Plaintiff shall be granted leave to file an amended complaint.

### Discussion

A federal prisoner who seeks relief for the misconduct of federal agents has three options for obtaining relief in federal court. He may bring a suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, for misconduct of federal agents that is considered tortious under state law. *Sisk v. United States*, 756 F.2d 497, 500 n. 4 (7th Cir. 1985) (citing 28 U.S.C. §§ 1346(6), 2680). He may bring a suit against the agent for a violation of his constitutional rights under the theory set forth in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Id.* Or, he may bring both types of claims in the same suit. *See, e.g., Ting v. United States*, 927 F.2d 1504, 1513 n. 10 (9th Cir. 1991). Plaintiff's complaint focuses only on an FTCA claim. Therefore, this order will do the same.[1] *See Myles v. United States*, 416 F.3d 551 (7th Cir. 2005) (pro se federal inmate's complaint asserting an FTCA claim against United States could not be deemed to assert a *Bivens* claim against individual federal employees who were not specified in the case caption).

---

[1] All *Bivens* claims are considered dismissed without prejudice. Should Plaintiff wish to bring a *Bivens* claim in his amended complaint or bring a separate action to pursue said claim, he is free to do so. The Court will review Plaintiff's amended complaint, including all claims set forth therein, pursuant to 28 U.S.C. § 1915A. *See Myles*, 416 F.3d at 551.

**Count 1 - FTCA Claim**

The FTCA allows "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).  Pursuant to the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials."  *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014).  State tort law of the state where the tort occurred applies when determining "whether the duty was breached and whether the breach was the proximate cause of the plaintiff's injuries."  *Parrott v. United States*, 536 F.3d 629, 637 (7th Cir. 2008).  *See also Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

In this case, Illinois law applies.  In order to state a claim for negligence under Illinois law, a complaint must allege facts to establish that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury.  *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross,* 879 N.E.2d 278 (2007)).  The complaint suggests that Plaintiff was attacked by Inmate Delaney as a result of the negligent or wrongful act or omission of federal employees.  According to the complaint, prison guards at USP-Marion were absent from the prison cafeteria at the time of the attack.  Control officers failed to observe the video monitors at the time.  Further, the allegations suggest that their absence may have been intentional.  Standing alone, the allegations support an FTCA claim.

But Plaintiff cannot proceed with this claim against the Federal Bureau of Prisons, because "[t]he only proper defendant in an FTCA action is the United States."  *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982).  *See*

28 U.S.C. § 2679(b). Absent "explicit authorization to the contrary," a federal agency cannot be sued directly under the FTCA, regardless of that agency's authority to sue or be sued. *See* 28 U.S.C.A. § 2679; *Russ v. United States*, 62 F.3d 201, 203 n. 1 (7th Cir. 1995). The United States must be named directly as a party.

The Court declines to substitute the United States in place of the Federal Bureau of Prisons. *See Myles*, 416 F.3d at 551-52. In order to make someone a party, the plaintiff, not the Court, must name the party in the caption. *See id.* (citing FED. R. CIV. P. 10(a) ("In the complaint, the title of the action shall include the names of all the parties")). Plaintiff failed to do so here, and the Court will not undertake the task of deciding who Plaintiff sues. The Court leaves this decision to Plaintiff.

Further, the Federal Bureau of Prisons is not the same entity as the United States. The Seventh Circuit has explained that "[g]overnment agencies do not merge into a monolith; the United States is an altogether different party." *Hughes*, 701 F.2d at 58. For this reason, Plaintiff must substitute a suable entity (i.e., United States) for a nonsuable entity (i.e., Federal Bureau of Prisons). *Id.* To do so, he will be required to amend his complaint.

Although not dispositive at this point, it appears that Plaintiff's FTCA claim may be time-barred. According to the allegations in the complaint, Plaintiff was assaulted on September 4, 2013. He filed a tort claim with the Federal Bureau of Prisons on June 25, 2014 (Doc. 1, p. 2). The claim was allegedly denied the same day. He did not file this action until more than eight months later, on March 9, 2015.

According to federal statute, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by

certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *See* 28 U.S.C. § 2401(b). In other words, tort claimants who file suit against the United States can be barred by the statute of limitations in two ways: (1) the claimant can be barred if he does not file a claim with the appropriate federal agency within two years; and (2) the claimant can be barred, even after filing a timely administrative claim, if he fails to file a suit in district court within six months after final notice of the agency's action on the claim. *Id.* If his allegations are correct, Plaintiff filed a timely claim with the appropriate administrative agency, but missed the subsequent six-month deadline for bringing his FTCA claim in federal court. Such a defect is jurisdictional in nature and incurable.

Also, Plaintiff's failure to name the proper party may render his FTCA claim time-barred. To relate back to the date that the original complaint was filed, an amended complaint that substitutes a party must satisfy the standards in the Federal Rule of Civil Procedure 15(c). *See also Hughes*, 701 F.2d at 58.

The Court lacks sufficient information to determine whether the statute of limitations on Plaintiff's FTCA claim against the United States has run. Although the complaint alleges that Plaintiff filed a claim with the Federal Bureau of Prisons on June 25, 2014, and that his claim was denied the same day, he did not file a copy of the denial with his complaint. Absent this information, it would be premature to dismiss the case as untimely. *But see Myles*, 416 F.3d 551 (7th Cir. 2005) (upholding district court's dismissal of suit at screening as untimely where federal inmate failed to commence the suit within six months of final notice of the decision to deny his claim).

Based on the discussion above, the complaint (which consists of a single claim, i.e., Count 1) shall be dismissed, however, the dismissal shall be without prejudice. Plaintiff is

granted leave to file an amended complaint, according to the instructions set forth in the disposition below.

### Pending Motion

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 3), which shall be addressed in a separate Order of this Court.

### Disposition

The stay of all proceedings in this case is now lifted. **IT IS ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant **FEDERAL BUREAU OF PRISONS** is **DISMISSED with prejudice**, based on Plaintiff's failure to state any claim against this party upon which relief may be granted.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before July 29, 2015.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the dismissal shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. He should refer to the constitutional or statutory ground(s) for relief. Plaintiff should name the proper

defendant(s). The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each Defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. He should *include only related claims* in his new complaint. Claims found to be unrelated to Count 1 will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[2] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

---

[2] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  June 24, 2015**

_____
    **NANCY J. ROSENSTENGEL**
    **United States District Judge**