IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENYON G. REYNOLDS<br>#64861-097, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 15-cv-00262-NJR<br>) |
| UNITED STATES OF AMERICA,<br>PHILIP DELANEY,<br>STEPHANIE HALL,<br>and DOES 1-50, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is now before the Court for consideration of the amended complaint filed by Plaintiff Kenyon Reynolds. (Doc. 12). Plaintiff originally filed this action against the Federal Bureau of Prisons ("BOP") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. (Doc. 1). In his original complaint, Plaintiff claimed that he was viciously attacked by another inmate at the United States Penitentiary in Marion, Illinois (USP-Marion), on September 4, 2013. He sued the BOP under the FTCA for failing to protect him from the assault and for failing to provide him with adequate medical care for his resulting injuries. Plaintiff requested monetary damages and immediate release from prison. (*Id.*).

Plaintiff commenced the action on March 9, 2015. (Doc. 1). In anticipation of an impending prison transfer, however, he also filed a motion to stay all proceedings. (Doc. 2). The Court granted Plaintiff's motion and stayed this matter for sixty days (*i.e.*, until May 11, 2015). (Doc. 5). When his transfer was delayed, Plaintiff requested an extension of the stay. (Doc. 6).

The Court granted his request for an extension (*i.e.*, until June 10, 2015), but indicated that no further requests would be granted. (Doc. 7). The stay was lifted on June 24, 2015. (Doc. 9).

On the same date, the Court dismissed Plaintiff's original complaint for failure to state any claim for relief. He was granted leave to file an amended complaint by July 29, 2015. (*Id*.). The Court received the amended pleading after this deadline, but it is considered timely.[1] The amended complaint is now ripe for review under 28 U.S.C. § 1915A.

### Merits Review Under 28 U.S.C. § 1915A

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

In the amended complaint, Plaintiff alleges that he was brutally beaten by another inmate at USP-Marion on September 4, 2013. (Doc. 12 at 5). On that date, Inmate Delaney "'sucker' punched" Plaintiff, as he studied the Bible in the prison cafeteria. (*Id*. at 9). The blow caused Plaintiff to fall to the floor, hit his head, and lose consciousness. Inmate Delaney then "repeatedly kicked" and "severely beat" Plaintiff in the head. (*Id*.). Other inmates begged Inmate Delaney to stop, but he ignored their pleas. Plaintiff lay bleeding from his eyes, ears, and head.

By the time prison officials arrived in the cafeteria, they found Plaintiff in serious condition. He was airlifted to Barnes-Jewish Hospital in St. Louis, Missouri, where he was diagnosed with injuries that included a subarachnoid hemorrhage and multiple facial fractures.

---

[1] Although the amended complaint was not docketed until July 31, 2015, *i.e.*, two days *after* the deadline for filing an amended pleading, the Court considers it timely filed. (Doc. 12). Plaintiff signed the pleading on July 27, 2015. (*Id*. at 6). He placed it in the mail the same day. (Doc. 12-2 at 2). Under the "prison mailbox rule," the pleading is deemed filed on the date that it is placed in the institution's mail, which, in this case, was two days *prior to* the deadline. *See Taylor v. Brown*, 787 F.3d 851, 858-59 (7th Cir. 2015).

(*Id*. at 10, 12). Plaintiff's jaw was surgically reconstructed; a "permanent plate [was] implanted in his left jawbone." (*Id*. at 9). He now suffers from permanent injuries that include dizziness, extreme vertigo, frequent headaches, pain, and mental anguish. (*Id*. at 9, 13).

Plaintiff blames the attack on the negligence and deliberate indifference of numerous prison officials. (*Id*. at 9-10). He claims that these officials failed to supervise the area where he was attacked. No guards were physically present. Control officers failed to observe video monitors. This delayed their response.

Plaintiff describes his attack as a hate crime. (*Id*. at 11-12). According to the amended complaint, prison officials at USP-Marion have created a divisive atmosphere between sex offenders and their "haters." At least one prison official, Officer Stephanie Hall, was allegedly disciplined or fired for making derogatory comments about "Cho Mos," a term used to refer to child molesters. During Plaintiff's attack, numerous witnesses overheard her say, "Too bad we didn't wait longer as the 'Cho Mo' would have died." (*Id*. at 11). Inmate Delaney also was overheard stating that he would "go all out" if he ever assaulted a sex offender because it would likely be considered a hate crime and result in an increased prison sentence. (*Id*. at 10).

Plaintiff now sues the United States of America, Inmate Philip Delaney, Officer Stephanie Hall, and fifty unknown defendants ("Does 1-50") pursuant to 28 U.S.C. § 1331 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. He maintains that USP-Marion officials failed to protect him from the assault and failed to secure adequate medical care for his resulting injuries. He seeks monetary damages, physical therapy, and pain medication.[2] (*Id*. at 6).

---

[2] Plaintiff does not explicitly request preliminary or permanent injunctive relief in the amended complaint. For that reason, the Court has not addressed the availability of such relief under the FTCA and/or *Bivens*. Should he seek any sort of interim relief while this action is pending, Plaintiff must file a separate motion requesting relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* amended complaint into the following enumerated counts:

**Count 1:** Defendant United States, by and through the negligence or deliberate indifference of USP-Marion officials, is liable under the FTCA for Plaintiff's assault on September 4, 2013, and his resulting injuries;

**Count 2:** Defendants violated Plaintiff's right to be free from cruel and unusual punishment, in violation of the Eighth Amendment and *Bivens*, when they failed to protect him from an inmate assault on September 4, 2013; and

**Count 3:** Defendants exhibited deliberate indifference toward Plaintiff's medical needs, in violation of the Eighth Amendment and *Bivens*, when they failed to provide him with adequate medical care for the injuries he sustained on September 4, 2013.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion as to the merits of each claim.

As discussed in detail below, Plaintiff's FTCA claim (**Count 1**) and one of his *Bivens* claims (**Count 2**) shall receive further review; however, his deliberate indifference to medical needs claim (**Count 3**) shall be dismissed.

## Discussion

As the Court previously explained (Doc. 9 at 4), a federal prisoner who seeks relief for the misconduct of federal agents has three options for obtaining relief in federal court. He may bring a suit against the United States under the FTCA for misconduct of federal agents that is considered tortious under state law. *Sisk v. United States*, 756 F.2d 497, 500 n. 4 (7th Cir. 1985) (citing 28 U.S.C. §§ 1346(6), 2680). He may bring a suit against the agent for a violation of his

constitutional rights under the theory set forth in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Id.* Or, he may bring both types of claims in the same suit. *See, e.g., Ting v. United States*, 927 F.2d 1504, 1513 n. 10 (9th Cir. 1991). Plaintiff's amended complaint raises both types of claims.

## Count 1 – FTCA

The Court will allow the FTCA claim (**Count 1**) to proceed against Defendant United States. The FTCA allows "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Pursuant to the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014).

FTCA claims are governed by the law of the state where the tort occurred. *Parrott v. United States*, 536 F.3d 629, 637 (7th Cir. 2008). *See also Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). In this case, Illinois law applies. To state a negligence claim under Illinois law, a complaint must demonstrate that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross,* 879 N.E.2d 278 (2007)). In the amended complaint, Plaintiff names the United States in connection with the assault that occurred on September 4, 2013. He blames the assault on the negligence of USP-Marion officials, who were not present during the assault and failed to intervene and protect him in a timely manner. The amended complaint supports an FTCA claim at this early stage.

But Plaintiff cannot proceed with this claim against all of the defendants, because "[t]he only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). *See* 28 U.S.C. § 2679(b). **Count 1** shall proceed against Defendant United States and be dismissed against all other defendants with prejudice.

### Count 2 – Failure to Protect

Plaintiff's failure to protect claim (**Count 2**) shall receive further review against Defendant Hall only. In the amended complaint, Plaintiff claims that the defendants failed to protect him from a known risk of assault by "haters," those inmates who target convicted sex offenders for mistreatment. Plaintiff brings this claim pursuant to *Bivens*, which is the federal counterpart to a § 1983 claim against a state official. *Bush v. Lucas*, 462 U.S. 367, 374 (1983). "[B]ecause actions brought under [§ 1983] and those of the *Bivens*-type are conceptually identical and further the same policies, courts have frequently looked to [§ 1983] and [its] decisional gloss for guidance in" construing the scope of the *Bivens* remedy. *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978). Both *Bivens* and § 1983 "create[ ] a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994).

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A prisoner asserting a failure to protect claim "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. at 834. In addition, the prisoner must demonstrate that a prison official acted with a "sufficiently culpable state of mind," one that

amounts to "'deliberate indifference' to inmate health or safety." *Id*. (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). *See also Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 703 (7th Cir. 2004) ("A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment.").

In the amended complaint, Plaintiff alleges that Defendant Hall "turned a blind eye" as Inmate Delaney beat Plaintiff. (Doc. 12 at 5). The allegations suggest that Defendant Hall was aware that Plaintiff was in danger but failed to take reasonable steps to intervene in a timely manner and stop the assault. The Court will allow Count 2 to proceed against this defendant.

Count 2 shall be dismissed, however, against all of the other defendants. The United States is not a proper defendant in a *Bivens* action. *Kaba v. Stepp*, 458 F.3d 678, 687 (7th Cir. 2006) (holding that "[a] *Bivens* action may not be brought against the United States or a federal agency"). "[T]he point of *Bivens* [i]s to establish an action against the employee to avoid the sovereign immunity that would block an action against the United States." *See Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1996); *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Therefore, Count 2 shall be dismissed with prejudice against Defendant United States. Likewise, Plaintiff cannot proceed with this claim against Defendant Delaney, who is a federal inmate. Only federal officials and agents are proper defendants in a *Bivens* action. *See Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005). Count 2 shall also be dismissed with prejudice against Defendant Delaney.

Finally, the statement of claim does not mention Defendants Does 1-50. Plaintiff listed them in the case caption but nowhere in the body of the amended complaint. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). A plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the complaint. *See Potter v. Clark*, 497 F.2d

1206, 1207 (7th Cir. 1974); *Black v. Lane*, 22 F.3d 1395, 1401 and n. 8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against that defendant. Under the circumstances, Count 2 shall be dismissed against Defendants Does 1-50. Because it is conceivable that a claim exists against one or more of these unknown individuals, Count 2 shall be dismissed without prejudice against Defendants Does 1-50.

In summary, **Count 2** shall receive further review against Defendant Hall, but it shall be dismissed with prejudice against Defendants United States and Delaney and without prejudice against Defendants Does 1-50.

### Count 3 – Deliberate Indifference to Medical Needs

The medical needs claim (**Count 3**) is subject to dismissal against all of the defendants. Just as it is well established that prison officials owe a duty to protect prisoners from violence at the hands of other prisoners, it is also well settled that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). To establish

deliberate indifference to a serious medical need, a prisoner must show that he or she has a medical need that is "sufficiently serious." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). The prisoner must also show that prison authorities knew of and disregarded "an excessive risk to inmate health or safety." *Id*. "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall Cnty., Ill.,* 220 F.3d 805, 810 (7th Cir. 2000)) (internal citation omitted).

The amended complaint does not suggest that any particular defendant denied Plaintiff adequate medical care following the assault. According to the allegations, Plaintiff was air-lifted to the hospital for treatment when he was found unconscious in the cafeteria. The allegations describe no delay in his treatment. And, although Plaintiff claims that he still suffers from pain, headaches, and vertigo, he does not allege that the defendants were made aware of these persistent problems and still denied him medical care.

Accordingly, **Count 3** cannot proceed against any of the defendants. This claim shall be dismissed with prejudice against Defendant United States. *See Kaba*, 458 F.3d at 687 (*Bivens* action cannot be brought against the United States). The claim shall also be dismissed with prejudice against Defendant Delaney. *See Glaus*, 408 F.3d at 389 (federal officials and agents are proper defendants in a *Bivens* action, not a federal inmate). Because it is at least conceivable that Plaintiff simply omitted sufficient factual allegations to support a claim against Defendants Hall and Does 1-50, Count 3 shall be dismissed without prejudice against these defendants.

**Pending Motions**

Plaintiff filed a motion for recruitment of counsel (Doc. 13) and a motion to preserve evidence (Doc. 15), which shall be referred to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

Plaintiff also filed a motion requiring the name of the judge to be written on all incoming special mail (Doc. 17); this motion is **DENIED**. The clerk, not the undersigned judge, sends outgoing mail to the prison. With few exceptions, this correspondence is public information, and an inmate's rights are not violated when official court mail is opened outside the presence of the inmate-recipient. *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996); *Stone-El v. Fairman*, 785 F. Supp. 711, 715-16 (N.D. Ill. 1991) (applying the rationale of *Martin* to incoming mail from court clerks).

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review against Defendant **UNITED STATES**; it is hereby **DISMISSED** with prejudice against Defendants **HALL, DELANEY,** and **DOES 1-50** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 2** shall receive further review against Defendant **HALL**; it is hereby **DISMISSED** with prejudice against Defendants **UNITED STATES** and **DELANEY** and without prejudice against Defendants **DOES 1-50** for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that **COUNT 3** is **DISMISSED** with prejudice against Defendants **UNITED STATES** and **DELANEY** and without prejudice against Defendants **HALL** and **DOES 1-50** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **PHILIP DELANEY** is **DISMISSED** from this action with prejudice and Defendants **DOES 1-50** are **DISMISSED** without prejudice from the action because the amended complaint fails to state a claim upon which relief may be granted against any of them.

**IT IS ORDERED** that with regard to **COUNT 1**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on Defendant **UNITED STATES OF AMERICA**; the Clerk shall issue the completed summons. Further, with regard to **COUNT 2**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **STEPHANIE HALL**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant **HALL** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[3] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall: (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the amended complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the amended complaint, and this Memorandum and Order.

---

[3] Rule 4(e) provides, "an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS ORDERED** that pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on the motion for recruitment of counsel (Doc. 13) and the motion to preserve evidence (Doc. 15).

**IT IS FURTHER ORDERED** that this entire matter is **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1)

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: January 5, 2016

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**