UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENYON G. REYNOLDS,

    Plaintiff,

v.

UNITED STATES OF AMERICA, PHILIP DELANEY, STEPHANIE HALL and DOES 1-50,

    Defendants.

Case No. 15-cv-262-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 65) of Magistrate Judge Donald G. Wilkerson recommending that the Court grant the summary judgment motion filed by defendants United States of America and Stephanie Hall (Doc. 52) and dismiss Count 2 for failure to exhaust administrative remedies. Count 2 is a *Bivens* claim for failure to protect in violation of the Eighth Amendment. Plaintiff Kenyon G. Reynolds has objected to the Report (Doc. 70), and the defendants have responded to that objection (Doc. 71).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This matter arose while Reynolds was housed at the United States Penitentiary at Marion, Illinois ("USP-Marion"). On September 4, 2013, he was assaulted by another inmate and severely injured. In Count 2, he alleges that Hall, a USP-Marion employee, failed to protect him from a known risk of assault by "haters" of convicted sex offenders like Reynolds. Reynolds filed this lawsuit on March 9, 2015. The defendants claim Reynolds did not exhaust his administrative remedies before filing his *Bivens*

claim as required by 42 U.S.C. § 1997e(a).

Magistrate Judge Wilkerson held a hearing on the matter on February 2, 2017, pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). He found that Reynolds had tried to resolve the matter informally with prison staff by submitting a BP-8 form to a counselor and then submitted a formal administrative remedy request on a BP-9 form to the warden; responses were made to both forms, but it is unclear whether Reynolds actually received the response to the BP-9. Reynolds did not pursue further institutional appeals by submitting a BP-10 (appeal to the Regional Director) and BP-11 (appeal to the General Counsel).

Reynolds claims that further administrative remedies were not available to him. He claims that, as a result of the assault, his memory was affected such that he did not have the ability to pursue his grievance to the highest level. Magistrate Judge Wilkerson noted that medical evidence from after the assault did not indicate any memory problems and that Reynolds demonstrated an ability to recall and set forth details in his BP-8 and another post-assault administrative claim. Based on this evidence, Magistrate Judge Wilkerson found that Reynolds was not credible as to memory problems. He also found that Reynolds was able to read, had been told about and had been issued a handbook containing information about the appeal procedure, had assistance available to him, and was therefore able to exhaust his administrative remedies.

Magistrate Judge Wilkerson also noted that whether Reynolds actually received a response to his BP-9 is immaterial. Even if he did not receive a response, under 28 C.F.R. § 542.18[1], the administrative remedy would be deemed denied after 20 days, at which point Reynolds could have appealed that denial in a BP-10.

In his objection, Reynolds maintains that the administrative remedy procedure beyond the BP-9

---

[1] That regulation states, "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."

was not available to him – so he did not have to exhaust it – because he received no response to his BP-9. He notes that the 20-day time period to appeal a BP-9 tees off from "the date the Warden signed the response," 28 C.F.R. § 542.15, and there is no signature on a deemed denial. He argues that the regulations in this regard are unclear and too complicated for a prisoner to be able to understand and follow.

The Court has reviewed the matter *de novo*, including the transcript of the *Pavey* hearing, and finds that, as Magistrate Judge Wilkerson explained in the Report, the failure to receive a response does not render further appeals unavailable. A failure to respond in a timely manner to a remedy request is deemed a denial, which is appealable. While Reynolds's argument about when the appeals period began to run might have had some traction in a bid to extend his appeal period for lack of the warden's signature, it does not mean he did not have further remedies available to him. Thus, although Reynolds may not have received a response, his BP-9 was effectively denied, opening further levels of appeal to him.

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 65);
- **OVERRULES** Reynolds's objections (Doc. 70);
- **GRANTS** the defendants' motion (Doc. 52);
- **DISMISSES** Count 2 **without prejudice** for failure to exhaust administrative remedies; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: March 21, 2017**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**