IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENYON G. REYNOLDS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:15-cv-262-JPG-DGW |
| USA and STEPHANIE HALL, | ) |
| Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

On September 11, 2017, a discovery dispute conference was held in which the parties appeared by counsel as reflected in the minute entry (Doc. 83). The controversy concerns requests to produce various documents that Defendants contend are either privileged or that implicate security concerns. These documents include the personnel files of BOP employees, Gold, Butler, Hall, Siveking, and Bagget, all of whom were correctional officers on duty at the time that Plaintiff was assaulted in the dining hall at USP Marion (hereinafter "personnel files").[1] These personnel files include employment applications, appraisals, personnel actions, transfer, and the like. Plaintiff seeks these documents for impeachment and Federal Rule of Evidence 404(b) purposes. Plaintiff also seeks USP Marion policies that include Security Inspections, Inmate Accountability, and Institution Tool Control policies (hereinafter "policies").[2] Finally, Plaintiff seeks files from the Office of Internal Affairs (OIA) at USP Marion related to investigations conducted from 2007 to the present (hereinafter "OIA files"). In response to these discovery

---

[1] Plaintiff is proceeding on two counts: Count 1 alleges an FTCA claim related to the assault on September 4, 2013 and Count 2 alleges a failure to protect claim.

[2] Defendants have indicated that BOP program statements, which Plaintiff also requested, are public documents located on the BOP's webpage.

requests, Defendants do not argue that the material is not relevant. Rather, they have provided three privilege logs indicating that certain privileges apply and that the documents contain information that presents a security concern if disseminated to the public or to inmates.

As set forth at the conference, the following is hereby **ORDERED:**

1. Relevant portions of the personnel files (for example, Plaintiff agrees that employment applications are not relevant), and obviously relevant OIA files shall be produced pursuant to the July 22, 2016 Protective Order (Doc. 51) with the added requirement that the documents shall be attorney's eyes only and shall not be disseminated, discussed, or otherwise given to any inmate including Plaintiff. To the extent that Plaintiff's counsel believes that he must discuss anything in the documents with his client, he must apply for and receive the express permission of the Court. These documents shall be produced by **September 25, 2017**.

2. A brief description of OIA files that do not obviously appear to be responsive to Plaintiff's discovery request or relevant shall be produced to the Court for *in camera* inspection. Defendants shall supply Plaintiff with a privilege log of OIA files withheld. Such brief descriptions and log shall be produced by **September 25, 2017**.

3. The three relevant restricted policies shall be produced to the Court for *in camera* inspection by **September 25, 2017**. Any other relevant policies identified by Plaintiff shall also be produced to the Court by the deadline.

4. After Plaintiff has had an opportunity to review the material and privilege logs produced, any further dispute regarding these sets of documents shall be brought to the Court's attention by written motion (after the parties have conferred about the issues pursuant to Rule 37).

5. Finally, in light of these discovery issues, the disparate locations of the parties (Plaintiff's counsel is in Pennsylvania, Plaintiff is in California, witnesses and Defense counsel are in Illinois), and the anticipated depositions that will occur after document production, the discovery deadline is extended to **February 28, 2018**. The dispositive motion filing deadline is extended to **March 30, 2018**. In light of these extensions, the telephonic Pretrial Conference is **RESET** to **August 23, 2018 at 2:30 p.m.** before the undersigned, the Final Pretrial Conference is **RESET** to **September 5, 2018 at 9:30 a.m.** before Senior District Judge J. Phil Gilbert, and the Jury Trial is **RESET** to **September 17, 2018 at 9:00 a.m.** before Senior District Judge J. Phil Gilbert.

**DATED: September 12, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**